996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles William CAVENDER, Defendant-Appellant.
 No. 92-10515.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1993.
Decided June 29, 1993.
 
 Before: LAY,* HUG and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Cavender robbed a First Interstate Bank in Phoenix. He was arrested shortly afterward carrying some $2,700 and a .22 caliber pistol. Cavender was found guilty of armed bank robbery and was sentenced as a career offender to twenty-five years in prison. Cavender challenges his conviction and sentence on several grounds.
 
 
 3
 Cavender's principal attack on the merits of his conviction is that the government failed to prove that the bank was federally insured. This argument is meritless. The government relied upon a stipulation, signed by defense counsel and provided to the jury in open court, that the bank was federally insured. The district court properly instructed the jury that the federal insurance element had been proved.
 
 
 4
 Appellant further contends that counsel cannot stipulate in open court to the existence of readily provable facts, relying upon Federal Rule of Criminal Procedure 17.1. That rule requires the approval of the defendant for pretrial agreements. We have held that a defendant is ordinarily bound by a stipulation made in open court unless the defendant makes an objection at the time. See United States v. Ferreboeuf, 632 F.2d 832, 836 (9th Cir.1980), cert. denied, 450 U.S. 934 (1981).
 
 
 5
 Equally misplaced is appellant's reliance upon our recent decision in United States v. James, 987 F.2d 648 (9th Cir.1993). In James, no stipulation regarding federal insurance was ever presented to the jury. We reversed because there was no evidence on the insured status of the bank. Therefore no rational jury could decide that the elements of the crime had been proved. Id. at 650.
 
 
 6
 For similar reasons, appellant's contention that he was denied effective representation of counsel as a result of the stipulation must also be rejected. This case is in marked contrast to United States v. Swanson, 943 F.2d 1070 (9th Cir.1991), the case relied upon by appellant. We held in Swanson that a defendant was denied effective representation when his counsel conceded to the jury that there was no reasonable doubt of his client's guilt. We have no basis to fault counsel's stipulation to the existence of federal insurance for one of the largest banks in Arizona. Stipulation to facts that can be readily proved should be encouraged so that the attention of judge and jury can be focused on the central issues.
 
 
 7
 Appellant also argues that the jury instructions misstated the law. Specifically, appellant alleges that the instructions did not require the jury to find that the money was taken from the "person or presence" of the bank teller. This argument must fail because the court adopted the exact instruction proposed jointly by the government and defense counsel. See United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991). Further, there was overwhelming evidence that the money was taken from the bank teller.
 
 
 8
 Appellant further contends that the judgment must be reversed and the matter remanded for further proceedings because there was no reporter's transcript made of the jury instructions as they were read to the jury. The instructions themselves, however, were agreed upon and are available in the record. Although we have said that it is better practice to record the reading of the instructions, see, e.g., United States v. Anzalone, 886 F.2d 229, 231 (9th Cir.1989), there is no basis for reversal where there is no indication that the judge read the instructions to the jury improperly.
 
 
 9
 With respect to sentencing, appellant's only contention meriting comment is that the sentence double-counted the firearm portion of the conviction by enhancing pursuant to the career offender provisions. U.S.S.G. § 4B1.2. This argument has already been rejected by this court in United States v. Harrington, 923 F.2d 1371, 1376 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991). Thus, appellant's challenge fails.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3